# Assertion of Executive Privilege for Memorandum to the President Concerning Efforts to Combat Drug Trafficking

Executive privilege may properly be asserted with respect to a memorandum to the President from the Director of the Federal Bureau of Investigation and the Administrator of the Drug Enforcement Administration containing confidential advice and recommendations regarding efforts to combat drug trafficking. The memorandum was subpoenaed by the Subcommittee on National Security, International Affairs and Criminal Justice of the Committee on Government Reform and Oversight of the House of Representatives.

September 30, 1996

THE PRESIDENT
      THE WHITE HOUSE

**My Dear Mr. President:** You have requested my legal advice as to whether executive privilege may properly be asserted with respect to a document that was subpoenaed on September 27, 1996 by the Subcommittee on National Security, International Affairs and Criminal Justice of the Committee on Government Reform and Oversight of the House of Representatives.

The subpoenaed document is a memorandum to you from the Director of the Federal Bureau of Investigation ("FBI") and the Administrator of the Drug Enforcement Administration ("DEA"), containing confidential advice and recommendations regarding efforts to combat drug trafficking. The Subcommittee first requested this document on September 17, 1996. By letter dated September 27, 1996, the Deputy Counsel to the President informed the Subcommittee of the White House's concerns regarding the need to preserve the confidentiality of deliberative communications to the President and indicated that the Department of Justice is prepared to accommodate the Subcommittee's request by providing a briefing on the subject addressed by the memorandum.

The memorandum to you from the FBI Director and the DEA Administrator clearly falls within the scope of executive privilege. It is well established that executive privilege applies to confidential communications to the President. *See generally United States v. Nixon*, 418 U.S. 683, 705–13 (1974); *Nixon v. Administrator of General Servs.*, 433 U.S. 425, 446–55 (1977). The Supreme Court has recognized

> the necessity for protection of the public interest in candid, objective, and even blunt or harsh opinions in Presidential decision-making. A President and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be unwilling to express except privately. These are the considerations justifying a presumptive privilege for Presidential communications. The privilege is fun-

> damental to the operation of Government and inextricably rooted in the separation of powers under the Constitution.

*United States v. Nixon*, 418 U.S. at 708.

Under controlling case law, in order to justify a demand for material protected by executive privilege, a congressional committee is required to demonstrate that the information sought is "demonstrably critical to the responsible fulfillment of the Committee's functions." *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 498 F.2d 725, 731 (D.C. Cir. 1974) (en banc). The only justification the Subcommittee has provided for access to this document is its oversight interest regarding counternarcotics policy. *See* Letter for the President, from William H. Zeliff, Jr., Chairman, Subcommittee on National Security, International Affairs and Criminal Justice (Sept. 17, 1996). It is clear that such a generalized interest weighs substantially less in the constitutional balancing than a specific need in connection with the consideration of legislation. *See* Letter for the President, from William French Smith, Attorney General, *Re: Assertion of Executive Privilege in Response to a Congressional Subpoena*, 5 Op. O.L.C. 27, 30 (1981) ("[T]he interest of Congress in obtaining information for oversight purposes is, I believe, considerably weaker than its interest when specific legislative proposals are in question."). Accordingly, conducting the balancing required by the case law, *see Senate Select Committee*, 498 F.2d at 729–30; *United States v. Nixon*, 418 U.S. at 706–07, I do not believe that access to this Presidential communication would be held by the courts to be "demonstrably critical to the responsible fulfillment of the [Subcommittee's] functions." *Senate Select Committee*, 498 F.2d at 731.

In conclusion, it is my legal judgment that executive privilege may properly be asserted in response to the Subcommittee's subpoena.

Sincerely,

JANET RENO
*Attorney General*

# OPINIONS

OF THE

# OFFICE OF LEGAL COUNSEL